1
2
3
4
5
6
UNITED STATES DISTRICT COURT

7
CENTRAL DISTRICT OF CALIFORNIA

8
9

10 FEDERICO SANCHEZ, | Case No. EDCV 18-544-GW (KK)

11                          Plaintiff,

12                  v. | ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND
13 SHERIFF STAN SNIFF, ET AL.,

14                          Defendant(s).

15
16

17 **I.**

18 **INTRODUCTION**

19        Plaintiff Federico Sanchez ("Plaintiff"), a detainee at Robert Presley

20 Detention Center, filed a civil rights complaint ("Complaint") pursuant 42 U.S.C.

21 § 1983 ("Section 1983") against defendants Sheriff Stan Sniff, "Doe," Deputy

22 Trevino, Deputy Gatt, Deputy Stanton, and Senior Deputy Chacon in their

23 individual and official capacities (collectively, "Defendants"). ECF Docket No.

24 ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to

25 amend.

26 ///

27 ///

28 ///

## II.

## ALLEGATIONS IN COMPLAINT

On January 9, 2018, Plaintiff, proceeding pro se and in forma pauperis, constructively filed[1] the Complaint against Defendants. See Dkt. 1, Compl. at 6; Dkt. 2, IFP Application. Plaintiff claims Defendants violated his Eighth and Fourteenth Amendment rights.[2] Compl. at 6.

According to the Complaint, Plaintiff was a pretrial detainee at Smith Correctional Facility in Banning, California "on or about May/June 2017." Id. at 5. Plaintiff alleges defendants Trevino, Stanton, Gatt, and Chacon "actively participated" in throwing "pepperballs" in a hallway where Plaintiff and another inmate were present. Id. at 5-9. Plaintiff describes the pepperballs as "balls similar to paint balls, which are fired from a paint ball gun to stop disturbances." Id. at 6-7. Plaintiff alleges the substance from the pepperballs "spread throughout the hallway" and Plaintiff "immediately began to cough and choke." Id. Plaintiff also alleges "his eyes began burning." Id. at 7.

Plaintiff claims defendants Trevino, Stanton, Gatt, and Chacon continued to throw the pepperballs for several minutes. Id. Plaintiff alleges his "sinuses were so inflamed from breathing the contaminated air that mucus was pouring from [his] nose." Id.

Once the "pepperball fight" stopped, Plaintiff alleges defendant Trevino saw the difficulty Plaintiff was having breathing and told him, "It's not that bad."

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Complaint was signed and dated January 9, 2018. Dkt. 1 at 10.

[2] As a pre-trial detainee, Plaintiff's "Eighth Amendment" claim of cruel and unusual punishment is properly analyzed under the Fourteenth Amendment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (holding the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from excessive force that amounts to punishment).

Id. at 8. Defendant Trevino told Plaintiff to "come over here and take a deep breath." Id. Plaintiff refused and defendant Trevino said, "Don't be a pussy." Id.

Plaintiff further alleges Defendants failed to offer him "decontamination services or medical services." Id. at 9. As a result, Plaintiff claims to have suffered "from a sinus infection, inflamed sinuses and headaches" which "have not decreased with time" and seeks punitive and compensatory damages. Id. at 10.

### III.

### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re

Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

4

# IV.

# DISCUSSION

## A. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT

### 1. Applicable Law

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" (citing Polk Cty. v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981))). A plaintiff must allege facts to establish "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure of the local governmental entity."'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992); see also Ziegler v. Indian River Cty., 64 F.3d 470, 474 (9th Cir. 1995) (noting "county not liable for acts of county officials unless the officials' conduct was the consequence of county policy or custom").

Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989).

Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. <u>Board of Cty. Comm'rs of Bryan Cty. v. Brown</u>, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) (citing <u>Arnold v. Int'l Bus. Machines Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981)).

### 2. Analysis

Here, Plaintiff has failed to state an official claim against any defendant. Plaintiff does not adequately allege the constitutional violations occurred pursuant to a longstanding policy, practice, or custom. Rather, Plaintiff alleges a single incident where defendants Trevino, Stanton, Gatt, and Chacon engaged in a "pepperball fight" amongst themselves. While Plaintiff also alleges defendants Sniff and Doe are "legally responsible for the overall operations" at the jail, Compl. at 3, this conclusory allegation is insufficient for purposes of stating a valid <u>Monell</u> claim. <u>Young v. City of Visalia</u>, 687 F. Supp. 2d 1141, 1150; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 679. Therefore, Plaintiff's official capacity claims must be dismissed.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR DENIAL OF ADEQUATE MEDICAL CARE AGAINST ANY DEFENDANT

#### 1. Applicable Law

A pretrial detainee's claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an *objective* deliberate indifference standard. <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118 (9th Cir. 2018). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high

1  degree of risk involved—making the consequences of the defendant's conduct

2  obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's

3  injuries." Id.

4  "With respect to the third element, the defendant's conduct must be

5  objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and

6  circumstances of each particular case.'" Id. (quoting Castro v. County of Los

7  Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than

8  negligence but less than subjective intent – something akin to reckless disregard."

9  Id. The "'mere lack of due care'" is insufficient. Id. (quoting Daniels v. Williams,

10  474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)).

11  **2.  Analysis**

12  Here, Plaintiff simply alleges "[a]ll defendants failed to give me or offer me

13  decontamination services or medical services." Dkt. 1 at 9. However, Plaintiff fails

14  to allege facts demonstrating any particular defendant was aware of his need for

15  medical treatment, or acted in "reckless disregard" of his need for medical

16  treatment.[3] Absent such facts, Plaintiff's claim for denial of adequate medical care

17  must be dismissed.

18  **C.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT**

19  **SNIFF IN HIS INDIVIDUAL CAPACITY**

20  **1.  Applicable Law**

21  In order to maintain a Section 1983 claim against a defendant in his

22  individual capacity, a plaintiff must present facts showing an individual defendant

23  was directly and personally involved in inflicting the alleged constitutional injury.

24  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official

25

---

26  [3]  Because defendants Trevino, Stanton, Gatt, and Chacon (as well as the other
    inmate present in the hallway) were all apparently exposed to the pepperballs,

27  whether or not any of them sought and obtained medical treatment may be relevant
    to this claim. Relatedly, whether Plaintiff's reaction was more severe than the

28  reaction of those individuals, and if so, whether Defendants were aware of this fact
    may also be relevant.

7

defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

### 2. Analysis

Here, Plaintiff does not allege defendant Sniff was one of the individuals involved in the pepperball fight, or that he was present during the incident and failed to intervene. If Plaintiff wishes to pursue a claim against defendant Sniff, Plaintiff must allege specific facts showing defendant Sniff was directly and personally involved in inflicting the alleged constitutional injury. See Iqbal, 556 U.S. at 676. In the absence of such allegations, the claim against defendant Sniff in his individual capacity must be dismissed.

### D. PLAINTIFF CANNOT PURSUE A CLAIM AGAINST A DOE DEFENDANT

#### 1. Applicable Law

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "However . . . , where the identity of alleged defendants will not be known prior to the filing of a complaint . . . , the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

#### 2. Analysis

Here, if Plaintiff chooses to sue the Doe defendant in his/her individual capacity, Plaintiff will be given the opportunity to discover the name of the Doe defendant and amend his Complaint. Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing

of good cause.  Additionally, Plaintiff must allege specific facts showing the Doe defendant was directly and personally involved in inflicting the alleged constitutional injury.  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.     Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants

9

Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

2.	Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  May 17, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

10