UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO SANCHEZ,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>STAN SNIFF, et al.,<br><br>　　　　　　Defendants. | Case No. 5:18-0544 GW (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

I. <u>**INTRODUCTION**</u>

Plaintiff Federico Sanchez ("Plaintiff"), a pretrial detainee at Robert Presley Detention Center proceeding <u>pro se</u>, filed a Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. After an Order Dismissing with Leave to Amend was served after screening, Plaintiff filed a First Amended Complaint ("FAC") on June 4, 2018. [Dkt. No. 8]. On July 11, 2019, during screening, the Court dismissed the FAC and granted Plaintiff leave to file a second amended complaint ("SAC") by no later than August 1, 2019. [Dkt.

No. 13].  On September 12, 2019, the Court issued an Order to Show Cause why case should not be dismissed for failure to timely file a second amended complaint or otherwise respond to the July 11, 2019 order.  [Dkt. No. 14].  Plaintiff filed a response requesting an extension of time, which the Court granted, extending the deadline to October 30, 2019, and the Court discharged the Order to Show Cause.  [Dkt. Nos. 15, 16].  On November 26, 2019, the Court issued a second Order to Show Cause Why Case Should Not be Dismissed requiring a response by December 20, 2019.  [Dkt. No. 16]. Despite repeated warnings that that case may be dismissed, Plaintiff has not filed a second amended complaint and has not filed any response to the November 26, 2019 Order to Show Cause.  The last filing Plaintiff submitted to the Court was on September 29, 2019 [Dkt. No. 15].

## II.   DISCUSSION

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002).  The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal.  First, Plaintiff has failed to engage with this case in any way since September 29, 2019 and failed to file a SAC in response to the Court's July 11, 2019 Order Dismissing with Leave to Amend or to the November 26, 2019 Order to Show Cause.  This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: July 8, 2020

_____
THE HONORABLE GEORGE H. WU
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge